966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge VALLEJO, Defendant-Appellant.
 No. 91-1991.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1992.
 
 Before RALPH B. GUY, Jr., BOGGS and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal challenges a three-level sentencing enhancement given for defendant's supervisory role in a drug trafficking conspiracy. In June 1989, a drug task force began investigating a drug conspiracy in Detroit, Michigan. An investigation revealed that in February 1990, the leader of the cocaine trafficking operation, Edgar Vallejo, directed the rental of six different properties for the purpose of drug trafficking. One was used for the purpose of receiving shipments of cocaine, another for storing the cocaine prior to distribution, another for counting and storing money received from the cocaine trafficking, and one was a residence for the local managers or supervisors of the conspiracy.
 
 
 2
 Until mid-August 1990, Edgar's brother, Ceasar [sic] Vallejo, managed the distribution activities of the organization in the Detroit area. In August 1990, Hugo Vallejo, brother of Ceasar, arrived in the Detroit area. Shortly thereafter, Ceasar Vallejo left the Detroit area after he observed government agents watching him. On or about August 20, 1990, defendant Jorge Vallejo was identified as being in Detroit. Defendant and other co-conspirators were arrested on November 7, 1990, following a five kilogram cocaine sale.
 
 
 3
 A multi-defendant, multi-count, indictment charged Jorge Vallejo on Counts I, II, and IV with conspiracy to possess cocaine with the intent to distribute, distribution of cocaine, and possession of cocaine with intent to distribute. Jorge pled guilty to Counts I and II. On August 12, 1991, the district court sentenced defendant to 189 months' imprisonment on Counts I and II, both sentences to run concurrently, and five years of supervised release. The sentence included a three-level enhancement, pursuant to U.S.S.G. § 3B1.1(b), based on the district court's finding that the defendant was a "manager or supervisor" of criminal activity that involved five or more persons or was otherwise extensive. This enhancement raised Jorge's total offense level from level 32, which has a sentencing range of 121 to 151 months, to level 35, which has a sentencing range of 168 to 210 months. Defendant objected to this increase at the sentencing, but the district court imposed a 189-month sentence on each count, to be served concurrently. Defendant now appeals.
 
 II
 
 4
 The issue on appeal is whether the district court erred in finding that Jorge Vallejo played a managerial or supervisory role in the drug trafficking conspiracy, thereby increasing his sentencing guideline range under U.S.S.G. § 3B1.1(b). Factors relied on in determining a sentence under the sentencing guidelines must be established by a preponderance of the evidence. United States v. Chambers, 944 F.2d 1253 (6th Cir.1991), cert. denied, 112 S.Ct. 1217 (1992). The district court's findings can only be reversed if clearly erroneous. 18 U.S.C. § 3742(e); United States v. Perez, 871 F.2d 45, 47-48 (6th Cir.), cert. denied, 492 U.S. 910 (1989). A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. at 48 (citations omitted). This deferential standard of review applies to the district court's ultimate determination of appellant's role in the offense. United States v. Williams, 894 F.2d 208, 213-14 (6th Cir.1990); see also United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989).
 
 
 5
 Section 3B1.1(b) of the Federal Sentencing guidelines provides:
 
 
 6
 Based on the defendant's role in the offense, increase the offense level as follows:
 
 
 7
 ...................................................
 
 
 8
 .............................
 
 
 9
 * * *
 
 
 10
 (b) If the defendant was a manager of supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
 
 
 11
 U.S.S.G. § 3B1.1(b). In determining whether a defendant is a manager or supervisor under this section, the application note to the guidelines states that:
 
 
 12
 Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 
 
 13
 Application Note 3, U.S.S.G. § 3B1.1.
 
 
 14
 On appeal, defendant argues that there is no evidence that he exercised any decision making authority over the other participants in the conspiracy; no evidence that he recruited any co-conspirator to become involved; no evidence that he claimed a right to a larger share in the profits; no evidence that he planned or organized the operation; and no evidence that he had any control or authority over any co-conspirator.
 
 
 15
 The defendant maintains that his participation in repeated distributions of cocaine, which included meeting the purchaser, receiving the payment, delivering the payment for safekeeping to the residence where it was stored and guarded, and notifying the person who was to deliver the drugs that the payment had been received and that delivery should begin, in no way made him a manager or supervisor. Defendant argues that other individuals were in charge of organizing the drug distribution network, which was set up and functioning long before he arrived in Detroit. The defendant contends that he wrongly received the supervisory sentencing enhancement just because his last name is Vallejo and his brothers, Edgar and Ceasar, were the organizers and leaders of the organization.
 
 
 16
 However, the district court found that Jorge and Hugo took over the management and supervision of the drug operation when Ceasar left. This finding was based on testimony from agents' surveillance, which revealed that Jorge and Hugo made exchanges of packages and frequently used pay phones. In addition, there was testimony from co-conspirators who stated that they were working for Jorge, Hugo, and Ceasar. The testimony also revealed that only the residence of Ceasar and Hugo had a telephone and that both men visited or used all of the other residences. The district court concluded that when Ceasar left the Detroit area "it would be difficult to accept that these individuals [Ceasar's workers] would be left to function without direction and management" in an operation that involved such a substantial amount of money ($890,00 seized at the time of arrest) and cocaine (22 kilograms seized).
 
 
 17
 The district court held that it was reasonable to conclude that the individuals carrying out the operation were supervised by Hugo and Jorge Vallejo. Viewing the evidence as a whole, this conclusion was not clearly erroneous, as we are not left with a definite and firm conviction that the district court has made a mistake. We AFFIRM the three-level sentencing enhancement.